# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

2007 SEP -4 A 9: 18

CURTIS BAILEY, individually, and
ALLISON VINES, individually,
      Plaintiffs,

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

v.

)
)
)

CASE NO. 3:07-CV-791-MHT

)
)

WILLIAM BERT CHAMBERS, III,
individually; CARTHAGE MARINE
TRANSPORT, a corporation;
Fictitious party defendant no. 1,
whether singular or plural, that
certain person or persons, entity
or entities, who or which had
responsibility for the vehicle which
caused the collision made the basis
of this suit; Fictitious party
defendant no. 2, whether singular
or plural, that certain person or
persons, entity or entities, who or
which is the employer of the
operator of the vehicle involved
in the accident made the basis of
this suit; Fictitious party defendant
no. 3, whether singular or plural,
that certain person or persons,
entity or entities, who is the
successor in interest to the
employer of the operator of the
vehicle which caused the collision
with the vehicle the plaintiffs
were operating; Fictitious party
defendant no. 4, whether singular
or plural, that certain person or
persons, entity or entities, who
or which is the owner of the vehicle

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**JURY DEMAND**

which caused the collision with the                )
plaintiffs; Fictitious party defendant            )
no. 5, whether singular or plural,                 )
that certain person or persons,                    )
entity or entities, who or which is                )
the successor in interest to the                   )
owner of the vehicle which caused                  )
the collision with the plaintiffs;                 )
Fictitious party defendant no. 6,                  )
whether singular or plural,                         )
that certain person or persons,                    )
entity or entities, who or which is                )
the owner of the tractor-trailer rig               )
involved in the collision with the                 )
plaintiffs; Fictitious party defendant            )
no. 7, whether singular or plural, that           )
certain person or persons,                         )
entity or entities, who or which is                )
the successor in interest to the                   )
owner of the tractor-trailer rig involved          )
in the collision with the plaintiff;               )
Fictitious party defendant no. 8,                  )
whether singular or plural, that                    )
certain person or persons,                         )
entity or entities, whose negligence               )
in any way caused the collision                     )
with the plaintiffs.   Plaintiffs                  )
aver that the identities of the                    )
fictitious parties defendant herein               )
are otherwise unknown to the                       )
plaintiffs at this time, or if their               )
names are known to the plaintiffs,                 )
their identities as proper parties                 )
defendant are not known to                         )
plaintiffs at this time, and their true            )
names will be substituted by                       )
amendment when ascertained,                        )
            **Defendants.**                                )

## COMPLAINT

COME NOW the Plaintiffs, Curtis Bailey and Allison Vines, and bring this civil action to recover damages against the above-named Defendants and for their cause of action would show unto the Court the following, to wit:

1.      Plaintiff, Curtis Bailey, is an adult resident citizen of Lee County, Alabama, residing at 1139 Gentry Drive, Auburn, Alabama 36830.

2.      Plaintiff, Allison Vines, is an adult resident citizen of Lee County, Alabama, residing at 1139 Gentry Drive, Auburn, Alabama 36830.

3.      Defendant, William Bert Chambers, III, is an adult resident citizen of the State of Georgia, residing at 616 Fort Perry Road, Box Springs, Georgia 31801, and at all times material hereto was functioning in the course and scope of his employment and/or on behalf of Carthage Marine Transport as its employee and/or agent.

4.      Defendant, Carthage Marine Transport, is a foreign corporation whose principle place of business is in the State of Missouri located at 8499 County Road 10, Socoixie, Missouri 64862.

5.      Fictitious party defendant no. 1, whether singular or plural, that certain person or persons, entity or entities, who or which had responsibility for the vehicle which caused the collision made the basis of this suit; Fictitious party defendant no. 2, whether singular or plural, that certain person or persons, entity or entities, who or

3

which is the employer of the operator of the vehicle involved in the accident made the

basis of this suit; Fictitious party defendant no. 3, whether singular or plural, that

certain person or persons, entity or entities, who is the successor in interest to the

employer of the operator of the vehicle which caused the collision with the vehicle the

plaintiffs were operating; Fictitious party defendant no. 4, whether singular or plural,

that certain person or persons, entity or entities, who or which is the owner of the

vehicle which caused the collision with the plaintiffs; Fictitious party defendant no. 5,

whether singular or plural, that certain person or persons, entity or entities, who or

which is the successor in interest to the owner of the vehicle which caused the collision

with the plaintiffs; Fictitious party defendant no. 6, whether singular or plural, that

certain person or persons, entity or entities, who or which is the owner of the tractor-

trailer rig involved in the collision with the plaintiff; Fictitious party defendant no. 7,

whether singular or plural, that certain person or persons, entity or entities, who or

which is the successor in interest to the owner of the tractor-trailer rig involved in the

collision with the plaintiffs; Fictitious party defendant no. 8, whether singular or plural,

that certain person or persons, entity or entities, whose negligence in any way caused

the collision with the plaintiffs.  Plaintiffs aver that the identities of the fictitious parties

defendant herein are otherwise unknown to the plaintiffs at this time, or if their names

are known to the plaintiffs, their identities as proper parties defendant are not known

4

to plaintiffs at this time, and their true names will be substituted by amendment when ascertained.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the plaintiffs and defendants are citizens of different states and the amount in controversy exceeds $75,000.00. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) and 28 U.S.C. § 1391(c).

## STATEMENT OF FACTS

7.    On or about April 29, 2007, at approximately 5:45 p.m., Plaintiffs Curtis Bailey and Allison Vines were stopped in their 2006 Nissan Altima at the traffic light southbound on East Lafayette Street, in Dadeville, Alabama. Upon the traffic light changing to green, Plaintiff Curtis Bailey, being the driver of the vehicle, proceeded to enter the intersection in a prudent, cautious and lawful manner. Suddenly and without warning, Defendant, William Bert Chambers, III, while traveling westbound on U.S. Highway 280 in a 1998 International tractor trailer at a high rate of speed in excess of the posted speed limit, negligently and wantonly failed to stop for a red traffic signal, failed to yield the right-of-way, and failed to keep a proper lookout for other vehicles on the highway, struck the Plaintiffs' vehicle, thereby causing a vicious and violent collision which caused severe and permanent injuries to Plaintiffs.

5

8.    At all times material hereto, the Defendant, William Bert Chambers, III, was on a mission for Defendant, Carthage Marine Transport, and was acting as an employee and/or agent for Carthage Marine Transport, thereby rendering Carthage Marine Transport liable for his actions in *respondeat superior*.

9.    Said Defendants, William Bert Chambers, III, Carthage Marine Transport, and Fictitious Defendants 1 through 8, were negligent and wanton in the operation of a motor vehicle, which proximately caused the Plaintiffs' accident and injuries.

10.    As a direct and proximate result of the above mentioned negligence and wantonness of the Defendants, William Bert Chambers, III, Carthage Marine Transport, and Fictitious Defendants 1 through 8, Plaintiffs, Curtis Bailey and Allison Vines, sustained bodily injuries and damages. Plaintiffs' damages include, but are not limited to:

  a.    Bills for medical treatment, past and future;

  b.    Physical pain and suffering, past and future;

  c.    Mental anguish and emotional distress, past and future; and

  d.    Lost wages, past and future;

  e.    Diminished earning capacity.

## COUNT ONE
## PERSONAL INJURY:
## NEGLIGENCE AND/OR WANTONNESS OF

6

## WILLIAM BERT CHAMBERS, III

11.     Plaintiffs reaver and reallege all of the allegations in the preceding paragraphs as if set out in full herein.

12.     On or about April 29, 2007, at approximately 5:45 p.m., Plaintiffs Curtis Bailey and Allison Vines were stopped at the traffic light southbound on East Lafayette Street, in their 2006 Nissan Altima in Dadeville, Alabama.  Upon the traffic light changing to green, Plaintiff Curtis Bailey, being the driver of the vehicle, proceeded to enter the intersection in a prudent, cautious and lawful manner.

13.     The Defendant, William Bert Chambers, III, while traveling westbound on U.S. Highway 280 in a 1998 International tractor trailer at a high rate of speed in excess of the posted speed limit, negligently and wantonly failed to stop for a red traffic signal, failed to yield the right-of-way, and failed to keep a proper lookout for other vehicles on the highway, struck the Plaintiffs' vehicle, thereby causing a vicious and violent collision with Plaintiffs which caused severe and permanent injuries to Plaintiffs.

14.     Defendant William Bert Chambers, III was operating the tractor trailer truck in the line and scope of his employment with Defendant Carthage Marine Transport.  Defendant, William Bert Chambers, III, was further negligent or wanton

in one or more of the following ways which directly and/or proximately caused said accident and resulted in injuries and damages to the Plaintiffs:

    a.    Failure to keep a proper lookout for other vehicles on the highway;

    b.    Failure to keep his vehicle under reasonable and proper control;

    c.    Causing the vehicle which the Plaintiffs were traveling to be struck by said Defendant's vehicle;

    d.    Negligence per se by violating local ordinances and state law regarding the operation of motor vehicles in the area by failing to stop for a red traffic signal and failing to yield the right-of-way;

    e.    Operating said vehicle in such an unsafe manner as to cause injury to the Plaintiffs;

    f.    Operating said vehicle in a dangerous manner, at a high rate of speed, in excess of the posted speed limit;

    g.    Failure to do other reasonable acts necessary to prevent said accident; and,

    h.    Other acts of negligence to be shown at trial.

15.    The conduct of the Defendants, as described above, were wrongful, negligent and/or wanton and renders the Defendants, William Bert Chambers, III, Carthage Marine Transport, and Fictitious Defendants 1 through 8, liable to the Plaintiff for personal injuries and damages, as set forth in Paragraph 10.

16.    As a proximate result of the negligence or wantonness of the Defendants, William Bert Chambers, III, Carthage Marine Transport, and Fictitious Defendants 1 through 8, Plaintiffs were caused to be injured.

WHEREFORE, the Plaintiffs, Curtis Bailey and Allison Vines, demand judgment against the Defendants, William Bert Chambers, III, Carthage Marine Transport, and Fictitious Defendants 1 through 8, for damages in an amount that would be mete, just and proper under the circumstances and under the damage laws of the State of Alabama.

## COUNT TWO
## NEGLIGENCE AND/OR WANTONNESS OF
## CARTHAGE MARINE TRANSPORT

17.    Plaintiffs reaver and reallege all of the allegations in the preceding paragraphs as if set out in full herein.

18.    On or about April 29, 2007, the Defendant, William Bert Chambers, III,, was operating in a 1998 International tractor trailer within the line and scope of his employment with Defendant Carthage Marine Transport.   While traveling on U.S. Highway 280 in Tallapoosa County, Alabama, Defendant William Bert Chambers, III, negligently and wantonly failed to stop for a red traffic signal, failed to yield the right-of-way, and failed to keep a proper lookout for other vehicles on the highway, struck

9

the Plaintiffs' vehicle, thereby causing a vicious and violent collision with Plaintiffs which caused severe and permanent injuries to Plaintiffs.

19.    At all times material hereto, and upon information and belief, the Defendant, William Bert Chambers, III, was on a mission for Defendant, Carthage Marine Transport, and was acting as an employee and/or agent for Carthage Marine Transport, thereby rendering Carthage Marine Transport liable for his actions in *respondeat superior*.

20.    The conduct of Defendant Carthage Marine Transport, as described herein, was wrongful, negligent or wanton and renders the Defendants, William Bert Chambers, III, Carthage Marine Transport, and Fictitious Defendants 1 through 8, liable to the Plaintiff under the doctrine of *respondeat superior*.

WHEREFORE, the Plaintiffs, Curtis Bailey and Allison Vines, demand judgment against the Defendants, William Bert Chambers, III, Carthage Marine Transport, and Fictitious Defendants 1 through 8, for damages in an amount that would be mete, just and proper under the circumstances and under the damage laws of the State of Alabama.

## COUNT THREE
## NEGLIGENT OR WANTON ENTRUSTMENT

21.    Plaintiffs reaver and reallege all of the allegations in the preceding paragraphs as if set out in full herein.

22.    The truck being operated by the Defendant, William Bert Chambers, III, was owned by the Defendant, Carthage Marine Transport, at the time of the incident described herein.

23.    Plaintiff avers that at the time of the incident made the basis of this lawsuit, the Defendant, William Bert Chambers, III, was unqualified, unfit or otherwise unable to safely operate the truck he was operating at the time of the collision.

24.    The Defendant, Carthage Marine Transport, knew or through the exercise of reasonable diligence, should have known that Defendant, William Bert Chambers, III, was unqualified, unfit or otherwise unable to safely operate the truck.

25.    Defendant Carthage Marine Transport entrusted a truck to Defendant, William Bert Chambers, III, knowing that he was unqualified, unfit or otherwise unable to safely operate the truck or Defendant Carthage Marine Transport entrusted the truck to Defendant William Bert Chambers, III, when, through the exercise of reasonable diligence, it should have known that he was unable to safely operate the truck.

26.    As a result of the negligent or wanton entrustment as described above by Defendant Carthage Marine Transport, Defendant William Bert Chambers, III, caused a collision which resulted in the injuries to Plaintiffs, as set forth in Paragraph 10.

WHEREFORE, the Plaintiffs, Curtis Bailey and Allison Vines, demand judgment against the Defendants, William Bert Chambers, III, Carthage Marine Transport, and Fictitious Defendants 1 through 8, for damages in an amount that would be mete, just and proper under the circumstances and under the damage laws of the State of Alabama.

**COUNT FOUR**
**NEGLIGENT OR WANTON HIRING, TRAINING OR SUPERVISION**

27.    Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if set out in full herein.

28.    Plaintiff avers that the Defendant, Carthage Marine Transport, was negligent or wanton in hiring Defendant, William Bert Chambers, III.

29.    Plaintiff avers that inadequate screening, testing, background checks and other such methods were utilized by the Defendant, Carthage Marine Transport, prior to extending an offer of employment to the Defendant, William Bert Chambers, III.

30.    Plaintiff avers that the Defendant, Carthage Marine Transport, was negligent or wanton in its training or supervision of the Defendant, William Bert Chambers, III.

31.    Plaintiff avers that Defendant Carthage Marine Transport's negligent or

wanton hiring, training and/or supervision of Defendant William Bert Chambers, III, proximately caused the injuries to the Plaintiff.

32.    Defendant, Carthage Marine Transport, allowed or caused Defendant, William Bert Chambers, III, to operate a tractor trailer truck in violation of federal and state law in that the defendant was negligent and/or wanton by traveling too fast, failing to control the truck, failing to stop for a red traffic signal, failing to yield the right-of-way, and failing to keep a proper lookout for other vehicles on the highway, before colliding into Plaintiff's vehicle which was lawfully and rightfully traveling along the roadway.

33.    Plaintiffs further aver that Defendant, Carthage Marine Transport's negligent or wanton hiring, training and/or supervision of the Defendant, William Bert Chambers, III, proximately caused the injuries, as set forth in Paragraph 10, to Plaintiffs.

34.    Plaintiffs, Curtis Bailey and Allison Vines, further aver that the conduct of Defendants, William Bert Chambers, III, Carthage Marine Transport, and Fictitious Defendants 1 through 8, combined and concurred to cause the injuries to Plaintiffs.

WHEREFORE, the Plaintiffs, Curtis Bailey and Allison Vines, demand judgment against the Defendants, William Bert Chambers, III, Carthage Marine Transport, and Fictitious Defendants 1 through 8, for damages in an amount that would be mete, just

13

and proper under the circumstances and under the damage laws of the State of Alabama.

## AD DAMNUM CLAUSE

35.    Plaintiffs reaver and reallege all of the allegations in the preceding paragraphs as if set out in full herein.

36.    Plaintiffs allege that the conduct of the Defendants, William Bert Chambers, III, Carthage Marine Transport, and Fictitious Defendants 1 through 8, as described in the caption of this Complaint, combined and concurred to cause the injuries to Plaintiffs, Curtis Bailey and Allison Vines.  As a proximate consequence of the negligence and wantonness and other wrongful conduct of the Defendants, William Bert Chambers, III, Carthage Marine Transport, and Fictitious Defendants 1 through 8, as described in the caption of this Complaint, Plaintiffs Curtis Bailey and Allison Vines were caused to suffer painful and serious injuries.

37.    WHEREFORE Plaintiffs, Curtis Bailey and Allison Vines, bring this Complaint to recover compensatory damages from the Defendants, William Bert Chambers, III, Carthage Marine Transport, and Fictitious Defendants 1 through 8, and demand judgment against each of the named and fictitious Defendants separately and severally in an amount to be determined by the jury that is mete and proper, together with interest thereon at the legal rate, with costs.  Further, the Plaintiffs seek punitive

damages from the Defendants in an amount to be determined by the jury, which they feel will fairly and adequately punish the Defendants for their wrongdoing and to deter others from other such like misconduct.

Respectfully submitted this the 30th day of August, 2007.


_____
DAINE SHARPE (SHA034)
Attorney for Plaintiffs
E. DAINE SHARPE, P.C.
134 N. Broadnax Street
Dadeville, Alabama 36853
Telephone: 256-825-4631
Facsimile: 256-825-8825


_____
Jeremy L. Knowles (KNO016)
Attorney for Plaintiffs
Morris, Haynes & Hornsby
131 Main Street
Alexander City, Alabama 35010
Telephone: (256) 329-2000
Facsimile: (256) 329-2015
jknowles@morrishaynesandhornsby.com


**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY**

_____
Of Counsel

15

**Defendants' Addresses:**                    **(Please Serve Defendants via
                                               Certified Mail)**

Mr. William Bert Chambers, III
616 Fort Perry Road
Box Springs, Georgia 31801

Carthage Marine Transport
8499 County Road 10
Socoixie, Missouri 64862

DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000287
Cashier ID: cstrecke
Transaction Date: 09/04/2007
Payer Name: MORRIS HAYNES AND HORNSBY
--------------------------------
CIVIL FILING FEE
 For: MORRIS HAYNES AND HORNSBY
 Case/Party: D-ALM-3-07-CV-000791-001
 Amount:          $350.00
--------------------------------
CHECK
 Remitter: MORRIS HAYNES AND HORNSBY
 Check/Money Order Num: 36868
 Amt Tendered:  $350.00
--------------------------------
Total Due:          $350.00
Total Tendered:     $350.00
Change Amt:         $0.00

DALM 3:07CV000791-MHT

CURTIS BAILEY ET AL V WILLIAM BERT
CHAMBERS III ET AL