IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CURTIS BAILEY and ALLISON VINES, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO.: 3:07-CV-791 ) |
| WILLIAM BERT CHAMBERS III, CARTHAGE MARINE TRANSPORT, et al., | ) ) ) ) |
| Defendants. | ) ) |

# MOTION TO DISMISS AND ANSWER

COMES NOW, Defendants William Bert Chambers III and Carthage Marine Transport (hereinafter "Defendants") and for Answer to Plaintiffs' Complaint, avers as follows:

## MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), Defendants move this Court to dismiss the Plaintiffs' Complaint filed against them, and as grounds for this motion states that the Complaint fails to state a claim against these Defendants upon which relief may be granted.

## ANSWER

1.  Upon information and belief, these Defendants admit the material allegations of paragraph 1 of the Plaintiffs' Complaint. However, to the extent that paragraph 1 of the Plaintiffs' Complaint alleges any liability on these Defendants in

any particular amount, these Defendants deny the allegations of paragraph 1 of the Complaint and demand strict proof thereof.

2. Upon information and belief, these Defendants admit the material allegations of paragraph 2 of the Plaintiffs' Complaint. However, to the extent that paragraph 2 of the Plaintiffs' Complaint alleges any liability on these Defendants in any particular amount, these Defendants deny the allegations of paragraph 2 of the Complaint and demand strict proof thereof.

3. These Defendants admit the material allegations of paragraph 3 of the Plaintiffs' Complaint. However, to the extent that paragraph 3 of the Plaintiffs' Complaint alleges any liability on these Defendants in any particular amount, these Defendants deny the allegations of paragraph 3 of the Complaint and demands strict proof thereof.

4. These Defendants admit the material allegations of paragraph 4 of the Plaintiffs' Complaint. However, to the extent that paragraph 4 of the Plaintiffs' Complaint alleges any liability on these Defendants in any particular amount, these Defendants deny the allegations of paragraph 4 of the Complaint and demands strict proof thereof.

5. No response is required of these Defendants to paragraph 5 of the Plaintiffs' Complaint. However, to the extent that paragraph 5 of the Plaintiffs' Complaint alleges any liability on these Defendants in any particular amount, these Defendants deny the allegations of paragraph 5 of Complaint and demands strict proof thereof.

## JURISDICTION AND VENUE

6. No response is required of these Defendants to paragraph 6 of the Plaintiffs' Complaint. However, to the extent that paragraph 6 of the Plaintiffs' Complaint alleges any liability on these Defendants in any particular amount, these Defendants deny the allegations of paragraph 6 of Complaint and demands strict proof thereof.

## STATEMENT OF FACTS

7. These Defendants deny the material allegations of paragraph 7 of the Plaintiffs' Complaint, as stated, and demand strict proof thereof.

8. These Defendants deny the material allegations of paragraph 8 of the Plaintiffs' Complaint, as stated, and demand strict proof thereof.

9. These Defendants deny the material allegations of paragraph 9 of the Plaintiffs' Complaint, as stated, and demand strict proof thereof.

10. These Defendants deny the material allegations of paragraph 10 of the Plaintiffs' Complaint and demand strict proof thereof.

## COUNT ONE
### (Personal Injury:  Negligence And/or Wantonness of William Bert Chambers III)

11. These Defendants admit or deny the material allegations of paragraph 11 of the Plaintiffs' Complaint as they have so stated in their responses to paragraphs 1 through 10 of the Plaintiffs' Complaint.

12. These Defendants do not have sufficient information to admit or deny the material allegations of paragraph 12 of the Plaintiffs' Complaint as stated and

therefore these Defendants deny the material allegations of paragraph 12 of the Plaintiffs' Complaint as stated and demand strict proof thereof.

13. These Defendants deny the material allegations of paragraph 13 of the Plaintiffs' Complaint and demand strict proof thereof.

14. These Defendants deny the material allegations of paragraph 14 of the Plaintiffs' Complaint and demand strict proof thereof.

15. These Defendants deny the material allegations of paragraph 15 of the Plaintiffs' Complaint and demand strict proof thereof.

16. These Defendants deny the material allegations of paragraph 16 of the Plaintiffs' Complaint and demand strict proof thereof.

## COUNT TWO:
### (Negligence And/or Wantonness of Carthage Marine Transport)

17. These Defendants admit or deny the material allegations of paragraph 17 of the Plaintiffs' Complaint as they have so stated in their responses to paragraphs 1 through 16 of the Plaintiffs' Complaint.

18. These Defendants deny the material allegations of paragraph 18 of the Plaintiffs' Complaint and demand strict proof thereof.

19. These Defendants deny the material allegations of paragraph 19 of the Plaintiffs' Complaint and demand strict proof thereof

20. These Defendants deny the material allegations of paragraph 20 of the Plaintiffs' Complaint and demand strict proof thereof.

## COUNT THREE
### (Negligent or Wanton Entrustment)

21. These Defendants admit or deny the material allegations of paragraph 21 of the Plaintiffs' Complaint as they have so stated in their responses to paragraphs 1 through 20 of the Plaintiffs' Complaint.

22. Upon information and belief, these Defendants admit the material allegations of paragraph 22 of the Plaintiffs' Complaint. However, to the extent that paragraph 22 of the Plaintiffs' Complaint alleges any liability on these Defendants in any particular amount, these Defendants deny the allegations of paragraph 22 of the Complaint and demands strict proof thereof.

23. These Defendants deny the material allegations of paragraph 23 of the Plaintiffs' Complaint and demand strict proof thereof.

24. These Defendants deny the material allegations of paragraph 24 of the Plaintiffs' Complaint and demand strict proof thereof.

25. These Defendants deny the material allegations of paragraph 25 of the Plaintiffs' Complaint and demand strict proof thereof.

26. These Defendants deny the material allegations of paragraph 26 of the Plaintiffs' Complaint and demand strict proof thereof.

## COUNT FOUR
### (Negligent or Wanton Hiring, Training or Supervision)

27. These Defendants admit or deny the material allegations of paragraph 27 of the Plaintiffs' Complaint as they have so stated in their responses to paragraphs 1 through 26 of the Plaintiffs' Complaint.

28. These Defendants deny the material allegations of paragraph 28 of the Plaintiffs' Complaint and demand strict proof thereof.

29. These Defendants deny the material allegations of paragraph 29 of the Plaintiffs' Complaint and demand strict proof thereof.

30. These Defendants deny the material allegations of paragraph 30 of the Plaintiffs' Complaint and demand strict proof thereof.

31. These Defendants deny the material allegations of paragraph 31 of the Plaintiffs' Complaint and demand strict proof thereof.

32. These Defendants deny the material allegations of paragraph 32 of the Plaintiffs' Complaint and demand strict proof thereof.

33. These Defendants deny the material allegations of paragraph 33 of the Plaintiffs' Complaint and demand strict proof thereof.

34. These Defendants deny the material allegations of paragraph 34 of the Plaintiffs' Complaint and demand strict proof thereof.

## AD DAMNUM CLAUSE

35. These Defendants admit or deny the material allegations of paragraph 35 of the Plaintiffs' Complaint as they have so stated in their responses to paragraphs 1 through 34 of the Plaintiffs' Complaint.

36. These Defendants deny the material allegations of paragraph 36 of the Plaintiffs' Complaint and demand strict proof thereof.

37. These Defendants deny the material allegations of paragraph 37 of the Plaintiffs' Complaint and demand strict proof thereof.

**AFFIRMATIVE DEFENSES**

## FIRST DEFENSE

These Defendants deny each and every other material allegation contained within the Plaintiffs' Complaint and the Defendants demand strict proof thereof.

## SECOND DEFENSE

These Defendants plead not guilty to each and every charge contained in the Plaintiffs' Complaint.

## THIRD DEFENSE

These Defendants plead the general issue.

## FOURTH DEFENSE

These Defendants plead the affirmative defense of contributory negligence.

## FIFTH DEFENSE

These Defendants plead the affirmative defense of assumption of the risk.

## SIXTH DEFENSE

These Defendants plead lack of proximate cause.

## SEVENTH DEFENSE

These Defendants affirmatively contends that the Plaintiffs' injuries, if any, are due to their own acts, errors, and omissions, and that no activity on the part of either of these Defendants proximately caused the injuries and damages of which the Plaintiffs complain.

## EIGHTH DEFENSE

These Defendants affirmatively contends that the Plaintiffs' injuries, if any, are due to the acts, errors, and omissions of someone other than these defendants, and that no activity on the part of either of these Defendants proximately caused the injuries and damages of which the Plaintiffs complain.

## NINTH DEFENSE

To the extent that the Plaintiffs' Complaint contains a claim for punitive damages, these Defendants affirmatively aver that such a claim violates the Constitution of the United States and the Constitution of the State of Alabama.

## TENTH DEFENSE

To the extent that the Plaintiff seeks punitive and/or compensatory damages for pain and suffering in this case, any award of such damages would violate this Defendant's right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution because, among other things, of the vagueness and uncertainty of the criteria for the recover of compensatory damages for pain and suffering and for the imposition of punitive damages and the lack of fair notice of what conduct will result in the imposition of such damages; therefore, the Plaintiff cannot recover compensatory damages for pain and suffering or punitive damages.

## ELEVENTH DEFENSE

The award of discretionary, compensatory damages for mental suffering on behalf of the Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth

Amendments to the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard, for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because:

    a.    It fails to provide a reasonable limit on the amount of the award against the Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States;

    b.    It fails to provide a specific standards for the amount of the award of compensation, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United Sates Constitution;

    c.    It results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and

    d.    It constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

TWELFTH DEFENSE

The award of discretionary compensatory damages for mental suffering to the Plaintiff herein violates the Due Process Clause of Article I, § 6 of the Constitution of the State of Alabama because it fails to provide a limit on the amount of the award against Defendant, is unconstitutionally vague, it fails to provide specific standard in

the amount of the award of damages and, it constitutes a deprivation of property without the due process of law.

## THIRTEENTH DEFENSE

The award of punitive damages claimed by Plaintiff violates Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and Article I, Section 6, and other provisions of the Constitution of Alabama on the following separate and several grounds:

(a) That civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact.

(b) That civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(c) That civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(d) That civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant.

(e) That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

(f) That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

(g) That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions.

(h) That civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

(i) That civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

(j) That civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined.

(k) That standards of conduct upon which punitive damages are awarded are vague.

(l) That civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

(m) That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

(n) That civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties.

(o)     That civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages.

### FOURTEENTH DEFENSE

This Defendant avers that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at *Alabama Code* § 6-11-21 (Repl. Vol. 1993).

### FIFTEENTH DEFENSE

The Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

### SIXTEENTH DEFENSE

Under the constitutions of the United States and the state of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial decision. See *Honda Motor Company, Ltd. v. Oberg,* 114 S.Ct. 2331 (1994).

### SEVENTEENTH DEFENSE

To the extent that Plaintiff's demand for punitive damages may result in multiple punitive damage awards to be accessed for the same act or omission against this Defendant, this award contravenes Defendant's right to Due Process under the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article I, Section 13 of the Alabama Constitution. In addition, such an award would infringe upon Defendant's right against double jeopardy insured by the Fifth

Amendment of the United States Constitution and/or Article I, Section 9 of the Alabama Constitution.

### EIGHTEENTH DEFENSE

With respect to the Plaintiff's demand for punitive damages, this Defendant specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforce ability of punitive damage awards that may be articulated in the decision of *BMW North American, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L. Ed.2d 809 (1996)

### NINETEENTH DEFENSE

This Defendant contends that Plaintiff is not entitled to an award of punitive damages, and that an award of punitive damages against this Defendant, on the facts of this case, would be contrary to the Constitution of the State of Alabama and the Constitution of the United States. Further, any award of punitive damages to the Plaintiff is limited to the standards set out in *BMW North American, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L. Ed.2d 809 (1996).

### TWENTIETH DEFENSE

The Alabama system and structure for punitive damage awards, together with the claims for punitive damages sought by Plaintiff in this lawsuit, constitute a violation of the Due Process Clause of the Constitution of the United States, under authority of *BMW North American, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). The allegations made by Plaintiff in this action, and the Plaintiff's claim for punitive damages generally, and under the Alabama system specifically,

constitute inadequate notice to Defendant as to deprive defendant of due process of law.

## TWENTY FIRST DEFENSE

This Defendant avers that any award of punitive damages in this case would violate the Due Process Clause, equal protection clause, and other provisions of the United State Constitution including, but not limited to, as follows:

    a.    <u>Due Process Clause - Fourteenth Amendment to the Constitution of the United States:</u> Punitive damages are vague and not rationally related to legitimate governmental interests.

    b.    Sixth Amendment to the Constitution of the United States: Punitive damages are penal and nature and, consequently, the defendant is entitled to the dame procedural safeguards accorded to criminal Defendants.

    c.    <u>Self-incrimination Clause - Fifth Amendment to the Constitution of the United States</u>: It violates the right against self-incrimination to impose punitive damages against the defendant that are penal and nature, yet compel the defendant to disclose potentially incriminating documents and evidence.

    d.    <u>Excessive Fines Clause - Eighth Amendment to the Constitution of the United States</u>: In the event that any portion of a punitive damages award against the defendant were to inure to the benefit of any state of governmental or private entity other than the Plaintiff, such an award would violate the excessive fines clause of the Eighth Amendment to the Constitution.

## TWENTY SECOND DEFENSE

This Defendant pleads the statutory cap applicable to any claims for punitive damages.

## TWENTY THIRD DEFENSE

These Defendants reserve the right to amend this answer pending additional investigation and/or discovery.

## TWENTY FOURTH DEFENSE

These Defendants affirmatively plead any other matter constituting an avoidance or affirmative defense that may be applicable in this case.

DATED this the 1st day of October, 2007.

/s/ *Robert C. Black, Jr.*
ROBERT C. BLACK, JR.
ASB-6459-C62R
Attorney for Defendants William Bert Chambers III and Carthage Marine Transport

OF COUNSEL:

HILL, HILL, CARTER,
 FRANCO, COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
Telephone:  (334) 834-7600
Facsimile:  (334) 832-7419
Email:     Rcblackjr@hillhillcarter.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that I have served a copy of the foregoing document on the following by United States mail, postage prepaid and properly addressed or by electronically filing with the Clerk of the Court using the AlaFile which will send notification to the following on this the 1st day of October, 2007:

Daine Sharpe, Esq.
E. DAINE SHARPE, P.C.
134 N. Broadnax Street
Dadeville, Alabama 36853
E-mail:      sharpeatty1@bellsouth.net

Jeremy L. Knowles, Esq.
MORRIS, HAYNES & HORNSBY
131 Main Street
Alexander City, Alabama 35010
E-mail: jknowles@morrishaynesandhornsby.com

                                           /s/ *Robert C. Black, Jr.*
                                           OF COUNSEL